LOTTINGER, Judge.
This is a suit by the First Methodist-Protestant Church of Baton Rouge, Louisiana, as plaintiff, against the First Congregational Methodist Church of Baton Rouge, Louisiana, as defendant in which petitioner seeks a declaratory judgment declaring a certain act of sale dated July 30, 1957, to be null and void and of no effect. The Lower Court granted judgment in favor of petitioner and against defendant, as prayed for, and the defendant has appealed.
The facts are that during the year 1942, a church of the Methodist-Protestant denomination was organized in Baton Rouge, Louisiana. On September 5, 1945, this church was incorporated under the laws of the State of Louisiana, as the North *267 Highland Methodist-Protestant Church of Baton Rouge, Louisiana. Subsequently, on December 9, 1946, the name of this corporation was changed to the First Methodist-Protestant Church of Baton Rouge, Louisiana, which is the name under which petitioner brings this suit. On January 29, 1947, petitioner, under the name of First Methodist-Protestant Church of Baton Rouge, Louisiana, acquired Lot 20 of Square 17 in Delmont Place, Baton Rouge, Louisiana.
On February 5, 1956, Reverend Victor E. Coursey, Sr,, who was then the pastor of the plaintiff church, called a special meeting of the congregation at which the congregation adopted a resolution withdrawing the church’s members from the Methodist-Protestant'Mississippi District Annual Conference as well as from the General Conference of the Methodist-Protestant Church. The General Conference of the Methodist-Protestant Church is the general overall organization and the annual Mississippi Conference is a part of the Methodist-Protestant Church embracing a certain geographical area including Baton Rouge.
On April 23, 1956, the First Methodist-Protestant Church of Baton Rouge, Louisiana, petitioner herein, sold the property that it then owned, being Lot 20, Square 17, Del-mont Place, Baton Rouge, Louisiana to Bennie L. Malone for the sum of $23,000.00 cash. Subsequently, on May 25, 1956, the petitioner purchased from Carlye H. Bah-rens Lot 71 of Brookstown Subdivision, Baton Rouge, Louisiana, which is the property now in dispute, for the sum of $20,000.-00.
On December 1, 1956 the annual session of the Mississippi Conference tried and found the First Methodist-Protestant Church of Baton Rouge, Louisiana, guilty of certain charges and declared the church extinct and its property vested in the Mother Church pursuant to the Discipline of the Methodist-Protestant Church.
On July 8, 1957, the First Congregational Methodist Church of Baton Rouge, Louisiana, the defendant herein, was formed as a corporation, its members and hoard of trustees being composed of former members ■ of petitioner.
On July 30, 1957, the purported sale which is now in dispute was made, wherein the petitioner sold to the defendant Lot 71 of Brookstown Subdivision for the price of $14,000.00, represented by a promissory note in the sum of $14,000.00, payable in ten years after date and conditioned to bear interest at the rate of three per cent per annum..
On March 30, 1958, the congregation of the Methodist Congregational Church voted to return to the Methodist-Protestant Conference of Mississippi, only eight persons remaining with the defendant, five of whom were members of the Coursey family. By resolution of February 19, 1959, the Board of Trustees of the Mississippi Conference of the Methodist-Protestant Church resolved that petitioner was recognized as having been reactivated and, therefore, vested with full rights to the property here in controversy, under the laws of the Discipline of the Methodist-Protestant Church as well as the Constitution of said church.
On May 18, 1961, this suit was filed, in which petitioner seeks to have the sale of July 30, 1957 declared null, void, and of no effect.
Certain exceptions were filed by the defendant, all of which were overruled by the Lower Court. After trial on the merits, the Lower Court awarded judgment in favor of petitioner and against defendant.
An exception of lis pendens was filed by the defendant, and overruled by the Lower Court, based upon the fact that a prior suit had been filed by petitioner against defendant and other parties, the action was changed from petitory suit to a possessory action. Prior to the filing of the exception in the present suit, this possessory action was dismissed on an exception of prescription. It is therefore clear that the *268 exception of lis pendens was probably overruled by the Lower Court, as the said suits were not on the same cause of action, and the prior suit had been dismissed prior to the filing of the exception herein.
The defendant further filed an exception of nonjoinder of parties plaintiff, claiming that the Mississippi Conference of the Methodist-Protestant Church is an indispensable party to this suit. The record herein, however, discloses that petitioner is a duly organized corporation of the State of Louisiana, that petitioner acquired the property in dispute in its corporate name, and that at the time of the filing of the present suit the Mississippi Conference had no claim or interest in the property in question. We therefore feel that the Lower Court was correct in overruling this exception.
The next exception filed by petitioner was that of Improper Cumulation of actions, based upon the allegation that petitioner seeks to have a declaratory judgment and also to have an act of sale annulled. The prayer as contained in the petition is for a declaratory judgment declaring the sale of July 30, 1957 to be null and void and of no effect. Under the provisions of Article 1872 of the Code of Civil Procedure the Lower Court was correct in overruling this exception.
An exception of no cause of action was also filed on behalf of the defendant, based upon the fact that the petition did not allege any fraud upon the part of defendant, and furthermore it does not allege that the property has been transferred from the Methodist-Protestant Church to the Mississippi Conference. With regard^ to the second basis of this exception, we are unable to determine any validity to the grounds alleged by defendant as this suit is filed by the First Methodist-Protestant Church of Baton Roitge, Louisiana. With regard to the failure of the petitioner to allege fraud on the part of the defendant, this contention will be discussed later in', this opinion, as will the exception of no right of action. The evidence in the record discloses that the petitioner is a duly organized religious corporation formed under the laws of the State of Louisiana, with its domicile at Baton Rouge. In brief, the petition alleges that the act of sale from petitioner to defendant is null and void for the following reasons:
“a. That the said Victor E. Coursey, Jr., was without any authority whatsoever to represent or act for plaintiff corporation, and as a matter of fact, was not even a member thereof, for he had prior to that date become a member of the defendant church, and he and his father, Victor E. Coursey, Sr., who had been Pastor of the plaintiff church, and a few others were merely seeking to get the property for the new church which they had formed, the defendant herein, without the payment of any consideration whatsoever.
b. That there was no consideration for said sale, that the recited consideration of a $14,000.00 note payable 10 years after date, was never-received by plaintiff, and plaintiff does not even know whether said note is actually in existence at this time.
c. That the execution of said purported act of sale on July 30, 1957, was a part of a general scheme on the part of Victor E. Coursey, Jr., and his father, Victor E. Coursey, Sr. to get the property and other assets of the plaintiff into the defendant, a church formed under their leadership and persuasion in July of 1957, from the membership of plaintiff, all of which was in direct contravention of the Constitution and Book of Discipline of the Methodist-Protestant Church, and which provides in substance that upon the abandonment or dissolution of any local church, such as the plaintiff church, its property and assets belonged to the Methodist-Protestant Church denomination.
*269 d. That on or about March 30, 1958, all of the members of the plaintiff who had been persuaded by the said Victor E. Coursey, Jr., and Victor E. Coursey, Sr., to join the defendant church, except the Coursey family and three others, saw the error of their ways, and renounced their affiliation in the defendant church, and reaffirmed their loyalty and allegiance to plaintiff, whereupon the Methodist-Protestant Church, which had, through the Mississippi Conference thereof declared plaintiff church extinct at its 115th Annual Session held November 29 through December 2, 1956, reinstated plaintiff as a church in good standing and restored to it all of its property including the property herein in dispute.”
Article 2 of the Articles of Incorporation of petitioner states the purposes of the corporation to be “The propagation of the Gospel according to the tenets and doctrines of the Methodist-Protestant Church.” Article 13 provides that “The current edition of Constitution and Discipline of the Methodist-Protestant Church is hereby adopted as the official guide book for the conducting of the general affairs of this corporation.” The 1944 and 1952 editions of the Constitution and Discipline of the Methodist-Protestant Church have been introduced in evidence in this proceeding and both contain the following provisions concerning the administration and disposition of church property:
“It shall be the duty of the trustees to hold the property in trust for the use and benefit of the church, and to fill any vacancies occasioned in their Board by death, resignation or ceasing to be a member of the Methodist-Protestant Church.
“The trustees shall have power, when authorized by a majority of all the qualified members of the Church, to purchase, build, repair, lease, sell, rent, mortgage, or otherwise procure or dispose of property; and on no other condition or condition whatever, said authorization shall be given at a meeting called for the purpose by public notice four weeks in advance or any adjournment from time to time thereof. Provided, the trustees shall not deny the use of the Church to any Christian work recognized by the General Conference, and provided further, that nothing in this article shall be construed to give power to the trustees to divert the property or the proceeds thereof from the Methodist-Protestant denomination.”
Three things are made clear from these provisions: that a trustee must be a member of the Methodist-Protestant Church; that the duty of the trustee is to hold church property in trust for the use and benefit of the church' as a Methodist-Protestant denomination; and that the trustees have no power to divert church property or its proceeds from the Methodist-Protestant denomination without the authorization of a majority of all the qualified members of the church.
The record discloses that at the time of the purported sale from the petitioner to the defendant the members and trustees of the defendant corporation were originally the members and trustees of petitioner corporation. Prior to the purported sale, the Mississippi Conference had declared the petitioner church extinct and that the property thereof vested in the Mother Church pursuant to the provisions of the Discipline of the Methodist-Protestant Church as follows:
“In case any church shall become extinct by the death of its members, by removal or otherwise, the church property, if any, shall vest in the Quarterly Conference of the charge, or the Annual Conference where there is no Quarterly Conference to be used in the erection of houses of worship for the denomination, after paying any *270 debts that may éxíst against said church.
A church shall be regarded as extinct when its members shall become so reduced that it has not sufficient members to fill its offices, and has ceased to hold its regular meeting and to keep its relation with any charge for a regular connection with an Annual Conference provided, however, that no church shall be considered officially extinct until so declared by the Annual Conference.”
As provided by the Articles of Incorporation of the plaintiff the provisions of the Discipline of the Methodist-Protestant Church was binding upon petitioner with regard to the doctrines and internal affairs of religious institutions. In Brooks v. Chinn, La.App., 52 So.2d 583, the Court said “When the corporation was organized, it bound itself to conduct its affairs in accordance with the doctrine, discipline, and usage of the Methodist Church, and having done so, the corporation, although a domestic one, is amenable to the discipline of the supreme governing body of the church, even insofar as its property is concerned.” After reviewing the jurisprudence dealing with church affairs, the Court in Brooks v. Chinn (Supra) stated:
“In such cases, the minority of the congregation, adhering to the rules discipline, regulations, canons and usages of the original organization will be entitled to the ownership, use and control of the property; and mere administrative inconsistencies and disciplinary irregularities will not affect the result.”
The record discloses that subsequent to the incorporation of the defendant church on July 8, 1957, Victor E. Coursey, Jr., purporting to act for petitioner, on July 30, 1957 conveyed the property in question to the defendant. Although the property had been recently acquired by petitioner at a cost of some $20,000.00, the consideration recited was defendant’s promissory note for $14,000.00, payable in ten years and bearing three per cent interest. The note had never been delivered to the plaintiff corporation. No resolution authorizing the transfer was ever recorded with the act of sale. However, the testimony does reflect that a resolution was purportedly adopted by the congregation and Board of Trustees of plaintiff at a meeting held July 6, 1957, at which Reverend Coursey, Sr. claimed he presided as Chairman. At the time this meeting was alleged to have been held, the petitioner church had been declared extinct by the Mississippi Conference. Moreover, the testimony reflects that the four weeks advance notice required by the Discipline was not given of this meeting.
The Lower Court held the purported sale of July 30, 1957 as fraudulent and declared same to be null and void although the word “fraud” is not used in the petition, the jurisprudence of this State does not require that fraud or error be specifically charged. The only requirement is that specific facts be alleged which constitute such fraud or error. Hill v. McGuire, 19 La.App. 798, 140 So. 169.
We believe, as did the Lower Court, that the action on the part of the defendant, or its representatives was such as to show fraud with certainty beyond a reasonable doubt. Certainly there was such allegations in the petition as to set forth a cause of action, and the evidence reflects that the action of the defendants,- or its representatives was merely a scheme to deprive petitioner of its rightful ownership of the property in dispute.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by defendant.
Judgment affirmed.